*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID J. SZYMANSKI,

Plaintiff-Appellant,

v

COUNTY OF WAYNE and WARREN EVANS,

Defendants-Appellees.

UNPUBLISHED
April 25, 2024

No. 366882
Wayne Circuit Court
LC No. 21-017542-AW

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

MALDONADO, J. (*dissenting*).

I believe that the majority erred by treating its interpretation of the Amann Resolution as dispositive concerning plaintiff's claim for equitable relief. Therefore, I respectfully dissent.

As the majority aptly observed, the elements of promissory estoppel "are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 713; 950 NW2d 502 (2019) (quotation marks and citation omitted). I believe the evidence is such that there is a genuine issue of fact with respect to each of these elements. There was evidence that plaintiff was repeatedly promised that he would qualify for Amann benefits, that the individuals making the promises knew that plaintiff was using that information to make life and career decisions, and that plaintiff did make career decisions in reliance on these promises.

Instead of analyzing the elements of promissory estoppel, the majority summarily asserts that plaintiff's claim "depends on his eligibility for those benefits under the Amann Resolution." I disagree. Plaintiff is not seeking to directly recover Amann benefits, he is seeking equitable relief premised on promises made regarding such benefits. The majority's analysis of the text of the resolution and its conclusion that plaintiff is not eligible for such benefits is certainly germane to the reasonableness of plaintiff's reliance on these promises, but it is not dispositive. As I see it, promises were allegedly made to plaintiff by people who were positioned such that they should

-1-

have known if he was eligible for the benefits, and this is sufficient to create a genuine issue of fact regarding the reasonableness of plaintiff's reliance on defendants' promises.

Accordingly, I dissent.

/s/ Allie Greenleaf Maldonado